**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| EDDIE MILLER, | : | Case No. 1:08-cv-492 |
| | : | |
| Plaintiff, | : | Magistrate Judge Hogan |
| | : | |
| v. | : | |
| | : | **JURY INSTRUCTIONS AND** |
| PNC BANK, N.A., et al., | : | **SPECIAL INTERROGATORIES** |
| | : | |
| Defendants. | : | |
| | : | |

## PROVINCES OF THE COURT AND JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to instruct you as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in these instructions and to apply these rules of law to the facts as you find them from the evidence in the case.

The following instructions will be provided to you in writing for your use during your deliberations.  Therefore, you do not need to try to memorize these instructions or be concerned about taking notes.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the Court's instructions.

Counsel may properly refer to the rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and the law as stated by the Court in these instructions, you are to be governed by these instructions.

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life. Both Plaintiff and Defendant are entitled to the same fair trial at your hands.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

## <u>COURT'S QUESTIONS TO WITNESSES</u>

During the course of trial, I occasionally ask questions of a witness in order to clarify an answer that I can see the jury did not understand.  The Court is not an advocate for either side and doesn't want to be seen as taking sides.  For that reason, this Court is reluctant to participate in the questioning of witnesses, which is the function of the lawyers.

## <u>OBJECTION BY COUNSEL</u>

It is the duty of attorneys on each side of a case to object when the other side offers testimony or other evidence which counsel believes is not properly admissible.  No juror should ever draw an unfavorable inference against an attorney who objects.

When the Court has sustained an objection to a question, you must disregard the question, and may not speculate as to what the answer of the witness might have been.

Allowing testimony or other evidence to be introduced over the objection of counsel does not indicate any opinion by the Court as to the weight or effect of such evidence.  That is up to you to determine.

## **EVIDENCE**

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Statements, questions, and arguments of counsel are not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. When a witness testifies about what is known to the witness as personal knowledge by virtue of his or her own senses - what he or she observes and hears - that is called direct evidence.

The second type of evidence is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. Circumstantial evidence is evidence which tends to prove or disprove a disputed fact by proof of other facts. You infer based on reason and common sense from an established fact the existence or nonexistence of some other fact. Circumstantial evidence is of the same value as direct evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

**EVALUATION OF EVIDENCE**

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.  The law does not require you to accept all of the evidence I have admitted, even though it is legally admissible.  In determining what evidence you will accept, you must make your own evaluation of each witness's testimony and determine the weight you choose to give that testimony.  The testimony of a witness may fail to conform to the facts as they occurred because the witness is intentionally telling a falsehood, did not accurately see or hear, has faulty recollection, or has not expressed himself or herself clearly.  There is no magical formula by which one may evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others.  The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and the witness's appearance and conduct while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may also be discredited or "impeached" by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony.

If a witness is shown knowingly to have testified falsely or incorrectly concerning any material matter, you may or may not choose to distrust such witness's testimony in other particulars and you may or may not reject all the testimony of that witness.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

## <u>CHARTS, DIAGRAMS AND SUMMARIES</u>

As a technique to summarize testimony and evidence, the parties may prepare charts, diagrams and summaries of pertinent items. This is an acceptable technique of presentation. Such charts, diagrams and summaries are not evidence in and of themselves.  The materials upon which they are based are evidence.

If the items listed on a summary chart are not in your opinion accurate or differ from your recollection of the evidence, you may disregard all or any part of the charts, diagrams and summaries and rely upon your recollection.

## <u>JURY'S RECOLLECTION CONTROLS</u>

If any reference by the Court or counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

In connection with notes you may have taken during the trial, neither your own notes nor those of fellow jurors should replace your own recollection, for it is possible that a note may be in error.  If your personal recollection of the evidence is different than the information contained in any juror's notes, you must rely on your recollection.

## <u>EACH PARTY ENTITLED TO THE BENEFIT OF ALL EVIDENCE</u>

There is no significance to be attached to the fact that certain witnesses were called to the witness stand by one party rather than the other.  Each party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from the other party's witnesses.

## PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden to prove every essential element of his claims by a preponderance of the evidence.  If he does not do so, then you should find for the Defendant.  If you find the evidence to be evenly balanced, then you must find for the Defendant.

To establish something by a "preponderance of the evidence" means simply to prove that something is more likely to be so than not so.  To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side in order to prevail.  Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, or of greater probative value.

Plaintiff need only prove his case by a preponderance of the evidence; he need not prove her case beyond a reasonable doubt, as is necessary in criminal cases.  But speculation or mere possibility is not sufficient to support a judgment in Plaintiff's favor.  Plaintiff is not obliged to produce all of the witnesses who may know something about his case; he simply has the burden to produce sufficient evidence to prove his case by a preponderance of the evidence.

The test is not which side brings the greater number of witnesses or produces the greater quantity of testimony, but which side produces those witnesses and evidence which in your minds are the more accurate and trustworthy.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## CLAIMS OF THE PARTIES

Plaintiff Eddie Miller brings claims against defendant PNC Bank, N.A., Mr. Miller's former employer, for race discrimination and retaliation in violation of Ohio Rev. Code § 4112.02 and Ohio Rev. Code § 4112.99.

Mr. Miller alleges that Defendant discriminated against him because of his race.  Mr. Miller also alleges that Defendant retaliated against him by terminating his employment after he complained about race discrimination.

Defendant denies it discriminated against Mr. Miller or retaliated against him.  Instead, Defendant alleges it discharged Mr. Miller for a legitimate business reason–for violating PNC Bank's Bonding Requirements policy requiring honesty and cooperation during an internal investigation.

It is your responsibility as the jury to decide whether Mr. Miller  has proven his claims against Defendant by a preponderance of the evidence as that term has been defined in these instructions.

## RACE DISCRIMINATION CLAIM

Plaintiff claims that the Defendant discriminated against him on the basis of his race when it discharged him.  Plaintiff has the burden of proving by a preponderance of the legal evidence that Defendant intentionally discriminated against him.  However, Plaintiff is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from the existence of other facts.

The mere fact that Plaintiff is African-American and that he was terminated is not sufficient, in and of itself, to establish Plaintiff's claim of race discrimination.  Plaintiff must also prove by a preponderance of the legal evidence that his race was a motivating factor in Defendant's decision to discharge him.

## MOTIVATING FACTOR

To succeed on his race discrimination claim, Plaintiff must prove by a preponderance of the evidence that race was a motivating factor in Defendant's decision to terminate his employment with PNC Bank.

A motivating factor is a factor that makes a difference in the employment decision.

Plaintiff does not have to prove that his race was the sole or only reason for Defendant's decision to terminate his employment, but he must prove that his race was a motivating factor in Defendant's employment decision.  Although there may be more than one factor involved in the employment decision, Plaintiff is nevertheless entitled to recover if his race was one such factor and that factor made a difference in Defendant's decision to discharge plaintiff.

If Plaintiff fails to prove his race was a motivating factor in the employment decision, you must find for Defendant with respect to Plaintiff's race discrimination claim.

- 14 -

## **DEFENDANT'S CLAIMED LEGITIMATE REASONS**

At all times the burden of proof remains with the Plaintiff and he must convince you by a preponderance of the legal evidence that his race was a motivating factor in Defendant's decision to discharge him.  In deciding whether Plaintiff has met his burden of proof, you are to take into consideration the reasons given by Defendant for its decision.  Defendant need only articulate a legitimate non-discriminatory reason for its decision.

The Plaintiff can carry his burden of proof by proving that his race was a motivating factor in Defendant's decision to discharge him, notwithstanding Defendant's stated reasons. He may show this by demonstrating that the reasons offered by Defendant were not the true reasons, but were a pretext for unlawful discrimination against Plaintiff.

**PRETEXT**

A pretext is a fictitious reason advanced to conceal the real reason.  Plaintiff can prove that a given reason for Defendant's decision is pretextual (1) by proving by a preponderance of the legal evidence that the reason has no basis in fact; (2) by proving by a preponderance of the legal evidence that even if the reason had a basis in fact, the reason was insufficient to motivate the decision; or (3) by proving by a preponderance of the legal evidence that the reason did not actually motivate the decision.

To prove pretext, Plaintiff must present more than his personal beliefs, conjecture or speculation, or the opinions of nondecisionmakers.

## PLAINTIFF'S RETALIATION CLAIM

Plaintiff's second claim is for retaliation.  He claims that once he complained about race discrimination, Defendant retaliated against him.

An employer may not retaliate against an employee who opposes any unlawful discriminatory practice.  A Plaintiff asserting a claim of retaliation must establish the following elements:

(1) that he engaged in protected activity;

(2) that the exercise of protected rights was known to the agents of the Defendant who took the adverse action;

(3) that the Defendant thereafter took an adverse employment action against the Plaintiff; and

(4) there was a causal connection between the protected activity and the adverse employment action.

Filing a grievance or a charge of discrimination with the Equal Employment Opportunity agency is a protected activity.  In addition, an employee engages in protected activity when he complains about unlawful employment practices to the employer.  The filing of an internal complaint with an employer opposing what the employee reasonably believes is an unlawful employment practice constitutes a protected activity.  The employee must have a reasonable and good faith belief that the opposed practices were unlawful.  It is not necessary that the challenged practice is ultimately found to be unlawful.

An "adverse employment action" is a materially adverse change in the terms and conditions of employment.

In order to determine if there is a causal connection between the protected activity and the adverse employment action, you may consider whether Defendant treated Plaintiff differently from similarly situated individuals and whether there is a temporal connection between the protected activity and the adverse action.  The causal connection is strengthened if the Defendant's retaliatory action occurred soon after the Plaintiff's protected activity.  However, temporal proximity, standing alone, is insufficient to establish a causal connection for

a retaliation claim. To establish causation, Plaintiff must prove by a preponderance of the evidence that Defendant would not have terminated his employment had Plaintiff not complained about discrimination.

If the Plaintiff presents proof of all the elements of his retaliation claim, the Defendant may defend by stating legitimate reasons for its employment action.

If the Defendant presents legitimate reasons for its employment action, Plaintiff must present evidence that the legitimate reasons were not its true reasons, but instead a pretext designed to cover up retaliation.

## **BUSINESS JUDGMENT**

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.

The laws do not require employers to make perfect decisions, nor do they forbid them from making decisions with which others may disagree, nor do the laws prohibit employers from treating employees unfairly or unjustly. The laws require only that employers not make employment decisions for discriminatory or retaliatory reasons. You must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

An employer is entitled to make business decisions. A business decision can be based on subjective evaluations of an employee's conduct and/or performance, and making such evaluations does not automatically subject the employer to liability, nor does it automatically insulate the employer from liability.

You may consider the reasonableness or lack of reasonableness of Defendant's stated business judgment along with all the other legal evidence in determining whether Defendant's actions were motivated by Plaintiff's complaints of discrimination.

- 19 -

# <u>LIMITING INSTRUCTION</u>

You have heard testimony from Merle Houston related to allegations that PNC Bank treated him unfairly.  While you may consider this testimony, you do not have to accept the testimony as true or accurate, or as evidence that Defendant discriminated or retaliated against Mr. Miller.

In determining what weight, if any, to give the testimony of Mr. Houston, you must consider several factors, including whether the treatment received by Mr. Houston involved the same individuals as were involved with Mr. Miller's complaints; whether the reasons for Mr. Houston's treatment were the same as those involved with Mr. Miller; and how closely related his circumstances were to Mr. Miller's claims.  If Mr. Miller has not presented evidence that logically or reasonably ties the decision to terminate his employment to the testimony of Mr. Houston, that testimony should be disregarded.

## **AFTER ACQUIRED EVIDENCE DEFENSE**

If you find that plaintiff has established either his race discrimination claim and/or retaliation claim by a preponderance of the evidence, then you must consider the defense alleged by defendant that defendant would have made the same decision to terminate Mr. Miller's employment based on after-acquired evidence.

Defendant claims that after Mr. Miller was terminated, defendant learned that Mr. Miller taped telephone conversations with PNC employees without their permission. Defendant contends that it would have made the same decision to terminate Mr. Miller's employment with PNC because he taped telephone conversations with PNC employees without their permission while denying he did so.

Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.

If defendant proves by a preponderance of the evidence that:

(1) Mr. Miller taped telephone conversations with PNC employees without their permission; and

(2) the taping of such telephone conversations by Mr. Miller amounted to an action of such severity that PNC would have terminated Mr. Miller's employment had it known of the taping at the time of discharge,

then you should indicate this finding in the Special Interrogatories (specifically, Interrogatory Number 3) which follow these jury instructions.

## **DAMAGES**

The burden of proof is on the Plaintiff to establish all elements of damages. You are not permitted to award speculative damages. Damages must be reasonable. If you find the Plaintiff is entitled to a verdict, you will award him only such reasonable damages as you find from a preponderance of the evidence in this case that he has sustained as a direct result of the conduct of the Defendant.

**COMPENSATORY DAMAGES**

If you find that Plaintiff has prevailed on his race discrimination claim or retaliation claim, then you must determine by a preponderance of the evidence an amount of money that will reasonably compensate Mr. Miller for his actual injury caused by the conduct of the Defendant.

In awarding compensatory damages, you should consider the nature, character, seriousness, and duration of any emotional pain, suffering, inconvenience, and mental anguish that Plaintiff may have experienced from the discriminatory or retaliatory conduct. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.

The damages that you award must be fair compensation – no more and no less. In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You are not permitted to award speculative damages. This means you are not to include in any verdict compensation for prospective loss that, although possible, is wholly remote or left to conjecture or guess. Damages are considered speculative when their existence is uncertain or when the proof is insufficient to enable you to make a fair and reasonable assessment of damages.

## **LOST WAGES AND BENEFITS**

If you find that Plaintiff has prevailed on his race discrimination claim or his retaliation claim, then he is entitled to recover lost wages and benefits, including any increases in wages and benefits that Plaintiff would have received had Plaintiff not been discriminated or retaliated against.

The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of the termination to the present.  You may include all forms of compensation that Mr. Miller proved that he would have earned, but for the termination, including salary, bonuses, vacation pay, pension, health insurance, and other benefits.

In determining the amount of any lost wages and benefits, you must deduct the amount of any wages and benefits received from replacement income during the period of back pay awarded.

## **MITIGATION OF DAMAGES**

Plaintiff has an obligation to use reasonable efforts to mitigate or lessen his damages by seeking and continuing to seek comparable employment in a related field.  If Plaintiff failed to make reasonable efforts to obtain comparable employment, he is not entitled to recover any damages incurred after the date he failed to mitigate.

Plaintiff, however, does not have the burden of proving that he mitigated his damages. On this issue, Defendant has the burden of showing by a preponderance of the evidence that Plaintiff did not exercise reasonable diligence in seeking comparable employment in a related field.

In order to meet its burden of proving that Plaintiff failed to mitigate damages, Defendant must show by a preponderance of the evidence that there were comparable positions available which Plaintiff could have discovered and for which he was qualified, and that Plaintiff failed to exercise reasonable diligence in seeking such employment.  Even if Defendant fails to offer evidence on the issue of mitigation, its burden may be satisfied by Plaintiff's evidence.

**PUNITIVE DAMAGES**

If you determine that Mr. Miller has proven by a preponderance of the evidence his claim for race discrimination and/or retaliation and you determine that he is entitled to compensatory damages, you will also decide whether the Defendant shall be liable for punitive damages in addition to any other damages that you award to Plaintiff.  The purposes of punitive damages are to punish the offending party and to make the offending party an example to discourage others from similar conduct.  You may decide that the Defendant is liable for punitive damages if you find by clear and convincing evidence (which as explained below is a higher standard of proof) that:

(A)(1) the Defendant's acts or failures to act demonstrated malice, aggravated or egregious fraud, oppression, or insult, or

(A)(2) the Defendant as employer authorized, participated in, or ratified acts or failures to act of an agent employee that demonstrate malice, aggravated or egregious fraud, oppression, or insult, and

(B) the Plaintiff has presented proof of actual damages that resulted from those acts or failures to act of the Defendant.

"Malice includes:

(A) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or

(B) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

"Substantial" means major, of real importance, of great significance, not trifling or small.

"Oppression" is an act or series of acts that wrongfully subject the victim or victims to harm or hardship by the unjust or cruel use of force or authority.

"Insult" means any act or remark that is consciously, deliberately, or intentionally scornful or humiliating.

- 26 -

To be "clear and convincing" means that the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the facts to be proved.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor influenced by passion, sympathy, or prejudice.

**PUNITIVE DAMAGES-AFFIRMATIVE DEFENSE**

       If you find that Mr. Miller is entitled to punitive damages from Defendant, you must then decide whether the discriminatory employment decisions of PNC's bank managerial agents were contrary to PNC Bank's good faith efforts to comply with the law.  If your answer to this question is "yes," you must find that Mr. Miller is not entitled to punitive damages against PNC Bank as a matter of law.

       In determining whether the discriminatory employment decisions of PNC's bank managerial agents were contrary to PNC Bank's good faith efforts to comply with the law, you should consider:

       (1) whether PNC has an established policy prohibiting discrimination and retaliation;

       (2) whether there were procedures in place to implement that policy; and

       (3) whether substantial steps were taken by administrators to implement the policy.

## NO INFERENCE TO BE DRAWN FROM
## COURT'S DAMAGES INSTRUCTIONS

The fact that I have instructed you on the elements of damages does not mean that I have any opinion as to what damages, if any at all, you should award in this case.

## IMPARTIAL CONSIDERATION OF EVIDENCE

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of Plaintiff's complaint and Defendant's answers thereto.  You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

## **MISCELLANEOUS**

The exhibits pertaining to the issues before you and a copy of these instructions will go to the jury room with you.  All communication between yourselves and either the Court or the Clerk should be in writing, signed by the foreperson.  This, of course, does not apply to your communication with the courtroom deputy about recesses, lunch, provisions in the jury room, directions to the courthouse and the like.

## **ELECTION OF FOREPERSON**

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, make certain that every juror has an opportunity to be heard, and will be your spokesperson here in Court. He or she will hand your verdict to the Clerk when you return to Court.

## DELIBERATIONS

After you adjourn to the jury room, it is your duty to deliberate on the evidence that has been presented to you.  It may be helpful for you to first review the instructions I have just read to you and the verdict form which will be found in the back of the jury book.  That will provide guidance for organizing and discussing the evidence that both sides have presented during the trial.

You may take a poll of the jury members regarding a verdict at any time, but a vote may be more productive after you first thoroughly discuss all the evidence before you.

## UNANIMOUS VERDICT AND DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without abandoning your individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict or because of the time of day.

Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole intent is to seek the truth from the evidence in the case.

## <u>NO RECOMMENDED VERDICT</u>

       Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any manner what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## SPECIAL INTERROGATORIES

You will take these instructions, and a form including a series of written questions with you into the jury room. You will enter findings on the form indicating whether Plaintiff has proven his discrimination claim or retaliation claim. If you find in favor of Plaintiff, you will also enter findings indicating the amount of damages to be awarded. When you have reached a unanimous agreement as to your verdict, the foreperson will fill in, date and sign the form. All other jurors will sign the verdict form. Then advise the Court that you are ready to return to the courtroom with your verdicts by calling the courtroom deputy.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDDIE MILLER,                                       Case No. 1:08-cv-492
     Plaintiff                                      Hogan, M.J.

     vs

PNC BANK, N.A., et al.,
     Defendants

_____

## SPECIAL INTERROGATORIES

_____

Each of the following questions are to be resolved by unanimous vote of the jury:

1. Did Plaintiff Eddie Miller prove his race discrimination claim by a preponderance of the evidence as defined in these instructions?

     YES _____     NO _____

2. Did Plaintiff Eddie Miller prove his retaliation claim by a preponderance of the evidence as defined in these instructions?

     YES _____     NO _____

If your answer to Question No. 1 or No. 2 is "YES," then go to Question No. 3.

If your answers to Question No. 1 and No. 2 are "NO," your verdict is complete.  Sign the verdict form and summon the deputy clerk.

- 37 -

3.  Did defendant prove by a preponderance of the evidence that even if Mr. Miller had not been terminated on July 7, 2006, defendant would have terminated plaintiff's employment by September 26, 2007 because of his recording of telephone conversations with PNC employees without their permission?

      YES _____ NO _____

4. Is Plaintiff Eddie Miller entitled to damages?

      YES _____ NO_____

If your answer to No. 4 is "YES," go to Question No. 5. If your answer to No. 4 is "NO," then sign the verdict form and summon the deputy clerk.

5. What is the amount that will compensate Eddie Miller for lost wages and benefits?

      AMOUNT $_____

6. What amount of compensatory damages, if any, will compensate Eddie Miller?  This amount shall be in addition to the lost wages and benefits.

      AMOUNT $_____

7. As to defendant PNC Bank, what, if any, punitive damages are warranted?

                          $ _____

**ALL JURORS MUST SIGN THE VERDICT**

_____          _____

_____          _____

_____          _____

_____          _____

Date:          _____

Foreperson:     _____